UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Harry K Waymoth III,

                Petitioner,

    v.

Jeffrey A. Uttecht,

                Respondent.

CASE NO. 3:19-cv-05418-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: September 20, 2019

       The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Harry K. Waymoth III filed his federal habeas Petition on May 13, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 6. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice.

## BACKGROUND

       Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea of two counts of first-degree child molestation and one count of assault of a child in the third degree (domestic violence). Dkt. 11, Exhibit 1. Petitioner was sentenced on

1    August 13, 2018 to an indeterminate life sentence with a 96-month minimum term. *Id.* Petitioner

2    appealed his judgment and sentence in state court. *Id.*; Dkt. 6. Petitioner filed this Petition on

3    May 13, 2019. Dkt. 1.

4        Petitioner raises four grounds for relief all based on his claim he is unlawfully detained,

5    and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt.

6    6. On July 10, 2019, Respondent filed an Answer, wherein he asserts Petitioner has not properly

7    exhausted his available state court remedies. Dkt. 10. Respondent maintains the Petition should

8    be denied without prejudice for failure to exhaust state remedies. Dkt. 10.  Petitioner filed a

9    Traverse. Dkt. 12.

10                                **DISCUSSION**

11   **I.      Exhaustion**

12       "[A] state prisoner must normally exhaust available state judicial remedies before a federal

13   court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

14   Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a

15   meaningful opportunity to consider allegations of legal error without interference from the federal

16   judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state

17   courts one full opportunity to resolve any constitutional issues by invoking one complete round of

18   the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

19       Here, Petitioner challenges his 2018 judgment and sentence and is still pursuing his direct

20   appeal in state court. Dkts. 6, 11 at Exhibits 2, 3, 4. As Petitioner's direct appeal is still pending,

21   the state courts have not had a full opportunity to resolve any constitutional issues. The Court also

22   notes the state court may resolve Petitioner's direct appeal in his favor, which could moot this

23   Petition. Moreover, because Petitioner's direct appeal is still pending, the time for filing a state

24

1    court collateral challenge has not expired. *See* RCW § 10.73.090. Therefore, the Court finds

2    Petitioner has not exhausted the state court remedies available to him.[1]

3    In the Traverse, Petitioner contends it is not appropriate for him to exhaust his state

4    remedies because the federal district court has original jurisdiction. Dkt. 12 at 1-2.  The Court

5    may consider an unexhausted federal habeas petition if it appears "there is an absence of available

6    State corrective process . . . or circumstances exist which render such process ineffective to protect

7    the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, Petitioner has not shown there is

8    an absence of available state corrective processes or that circumstances exist rendering any state

9    process ineffective. Rather, Petitioner appears to disagree with the exhaustion requirement and the

10   state court's jurisdictional authority. Accordingly, the Court finds Petitioner has not shown there

11   are no state court remedies available to him.

12   Because the state courts have not yet had a full and fair opportunity to consider the merits

13   of Petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas

14   review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of

15   state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the

16   'same claims' that are 'fairly' presented to the highest state court."). Accordingly, the undersigned

17   recommends the Petition be dismissed without prejudice. *See Watson v. Lampert*, 27 Fed. Appx.

18   824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without

19

20   _____

21       [1] Respondent does address whether federal intervention with Petitioner's pending state criminal
     proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37
22   (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate if (1) the
     proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate
     opportunity in the state proceedings to raise federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218,
23   223 (9th Cir. 1994); *Trammell v. Warden*, 2009 WL 2407665 (C.D. Cal. July 31, 2009) (finding abstention was
     required when a petitioner's direct appeal was still pending). Thus, the Court declines to make a determination on
24   the *Younger* abstention issue at this time.

1  prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he

2  filed his § 2254 petition).[2]

3                                    **EVIDENTIARY HEARING**

4           The decision to hold an evidentiary hearing is committed to the Court's discretion.

5  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

6  hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

7  entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

8  available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

9  state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

10  entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

11  record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

12  court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

13  hold an evidentiary hearing in this case because, as discussed in this Report and

14  Recommendation, the Petition may be resolved on the existing state court record.

15                                **CERTIFICATE OF APPEALABILITY**

16          A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

17  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

18  from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue

19  . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right."

20  28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason

21

22  _____

23          [2] In the alternative, Respondent argues Petitioner's claims fail on the merits, arguing the Petition should be
    dismissed with prejudice. Dkt. 10 at 7-9. Because the Court has determined the Petition is unexhausted and
    recommends dismissing the Petition without prejudice, the Court declines to address Petitioner's claims on the
24  merits at this time.

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**CONCLUSION**

The Court recommends the Petition be dismissed without prejudice. No evidentiary hearing is necessary, and a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 20, 2019 as noted in the caption.

Dated this 26th day of August, 2019.

David W. Christel
United States Magistrate Judge